UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARIEL CARBALLO MARTINEZ,

      Petitioner,

    v.                              Case No.:  2:26-cv-01995-SPC-KRH

WARDEN, SOUTH FLORIDA
DETENTION FACILITY *et al*,

      Respondents,

## OPINION AND ORDER

Before the Court are petitioner Ariel Carballo Martinez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Carballo Martinez is a native of Cuba who entered the United States on September 15, 2017.  An immigration judge ordered him removed on December 28, 2017, and Immigration and Customs Enforcement ("ICE") removed him on February 4, 2018.  Carballo Martinez unlawfully reentered the country.  Local law enforcement arrested Carballo Martinez for attempted felony murder on October 27, 2023.  ICE removed him on January 25, 2024, and the criminal charge was dropped.  Carballo Martinez unlawfully re-entered the country again, and police arrested him for battery on May 26, 2024.  On June 5, 2025, ICE arrested Carballo Martinez, and a grand jury later charged him with unlawful re-entry.  He pleaded guilty and received an eight-month prison sentence.  ICE took him back into custody on April 2, 2026.  Carballo Martinez

argues his detention is unlawful because removal is not reasonably foreseeable.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Carballo Martinez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Carballo Martinez has not carried his burden. The government has successfully removed him twice, and there is no reason to believe he cannot be promptly removed a third time.

Accordingly, it is hereby

**ORDERED:**

Ariel Carballo Martinez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

1. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

2. Because the government recently transferred Petitioner to a different facility and does not forward legal mail to detainees after transferring them, the government must certify it has served this Order on him within three days.

**DONE AND ORDERED** in Fort Myers, Florida on June 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record